# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

STACEY SELLNER,                          Case No. 18-CV-1423 (MJD/TNL)

                    Petitioner,

v.                                       **REPORT AND RECOMMENDATION**

WARDEN BARNES,

                    Respondent.

Petitioner Stacey Sellner was sentenced to a 235-month term of imprisonment after pleading guilty to a drug offense in the United States District Court for the District of Nebraska. *See United States v. Sellner*, No. 8:11-CR-0333-LES-FG3 (D. Neb.). She is today incarcerated at the Federal Correctional Institution in Waseca, Minnesota.

Sellner did not file a direct appeal challenging her conviction or her sentence, but she did seek collateral relief from her sentence in the District of Nebraska pursuant to 28 U.S.C. § 2255. *See id.* Those § 2255 proceedings were procedurally complex, but the end result was a voluntary dismissal with prejudice of Sellner's claims. *See Sellner*, No. 8:11-CR-0333-LES-FG3, ECF No. 87 (D. Neb. April 9, 2015).

Sellner then filed a petition for a writ of habeas corpus in this District. *See* Petition [ECF No. 1]. Her basis for seeking relief, though, was unclear from the petition. The lone ground for relief in her habeas petition stated only that she was denied "due process" and that the career-offender enhancement of the United States Sentencing Guidelines had been unlawfully applied in her case, without explaining *how* the

1

enhancement had been unlawfully applied.  Petition at 6.  Sellner also suggested that a retroactively applicable Supreme Court decision established the illegality of her sentence, but she did not state what that decision was.  *See id*. at 4.  None of these vague or conclusory statements was sufficient to put the government on notice of the specific claim being raised by Sellner in challenging her sentence.  Accordingly, the Court asked Sellner to clarify her basis for relief.  *See* ECF No. 2.  The Court also asked Sellner to explain why a habeas corpus petition was the appropriate vehicle for relief on the claim being raised.  *Id*.

Sellner then filed a supplementary response arguing that the career-offender enhancement imposed at sentencing in her case was invalid due to the Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).  *See* ECF No. 3.  Sellner further argued that a petition for a writ of habeas corpus was appropriate because no other vehicle for relief, such as a motion under § 2255, was available for her to raise a claim under *Dimaya*.  Because Sellner had sought relief under § 2255 previously, any subsequent motion she brought under § 2255 could be authorized only if the claims in that motion were based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).  Sellner argued that *Dimaya* was a new rule made retroactive to cases on collateral review by the Supreme Court, but that because *Dimaya* stated a *statutory* rule rather than a *constitutional* rule, § 2255(h)(2) did not permit authorization of a motion raising a *Dimaya* claim.  This, in turn, rendered § 2255 "inadequate or ineffective to test the legality of [her] detention."  28 U.S.C.

§ 2255(e).  And because § 2255 was "inadequate or ineffective," Sellner concluded,

habeas corpus relief from her sentence remained available to her.  *See id*.

"It is well settled a collateral challenge to a federal conviction or sentence must

generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . .

and not in a habeas petition filed in the court of incarceration . . . under § 2241."[1]  *Hill v.

Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).  Federal district courts lack jurisdiction

to hear a federal prisoner's collateral challenge to her original conviction or sentence

brought in a habeas petition unless the prisoner demonstrates that the remedy provided by

§ 2255 is inadequate or ineffective to test the legality of her detention.  *See* 28 U.S.C.

§ 2255(e) ("An application for a writ of habeas corpus in behalf of a [federal] prisoner

. . . shall not be entertained . . . unless it also appears that the remedy by motion is

inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805

F.2d 321, 323 (8th Cir. 1986) (per curiam).  The "inadequate or ineffective remedy"

exception is often referred to as the "savings clause."  *See Abdullah v. Hedrick*, 392 F.3d

957, 959 (8th Cir. 2004).

---

[1] Sellner argues in her supplementary response that she is challenging only the execution of her sentence, not the legality of the sentence itself, and thus suggests that the exclusive-remedy rule of § 2255(e) does not apply at all in this case.  She is incorrect. The habeas petition in this matter does not claim, for example, that the Federal Bureau of Prisons ("BOP") intends to detain Sellner for a longer term of imprisonment than the sentencing court intended, or that Sellner has unlawfully been denied good-conduct credit by the BOP, or the like.  Instead, Sellner claims that it was improper for the career-offender enhancement to have been applied at all by the sentencing court.  This is an attack on the legality of the sentence itself, not an attack on how an otherwise lawful sentence is being executed.

3

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause.  It is clear, however, that the savings clause applies very narrowly.  For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition."  *Abdullah*, 392 F.3d at 959.  Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion would now require authorization due to being "second or successive."  *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases).  At a minimum, the petitioner seeking to invoke the savings clause must show that she "had no earlier procedural opportunity to present [her] claims."  *Abdullah*, 392 F.3d at 963; *accord United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").  Some, though not all, circuits have concluded that habeas corpus relief is appropriate where — as Sellner argues is the case here — the petitioner relies on a new rule of statutory law made retroactive to cases on collateral review.  *See United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018); *Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998); *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997); *but see McCarthan v. Director of Goodwill Industries–Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc) (rejecting prior savings-clause jurisprudence); *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011).

4

The Court need not determine in this case whether retroactive application of a new rule of statutory law is a sufficient basis to justify invocation of the savings clause, because *Dimaya* did not establish a rule of statutory law. *Dimaya* declared the "residual clause" of 18 U.S.C. § 16(b) void for vagueness — that is, too arbitrary and indistinct to comport with the constitution's guarantee of due process. *See Dimaya*, 138 S. Ct. 1204, 1212-13. In this respect (and in many others), *Dimaya* closely and expressly tracks the rule established by *Johnson v. United States*, 135 S. Ct. 2551 (2015), which itself was determined to be a new rule of constitutional law, not statutory law*, see Welch v. United States*, 136 S. Ct. 1257 (2016); *Russo v. United States*, – F.3d – , 2018 WL 4224057, at *1 (8th Cir. Sept. 6, 2018) ("[T]he Court in *Johnson* announced a new rule of constitutional law . . . ."). *Dimaya*, like *Johnson*, declared not that courts' previous understanding of the scope of the relevant statute was incorrect, but that the statute itself (or at least a portion thereof) was invalid on constitutional grounds. This is a constitutional holding, not a statutory holding.

Thus, assuming that the other requirements of § 2255(h) are met[2] — the rule of *Dimaya* is "new," that rule applies retroactively to cases on collateral review, and so on — Sellner may present a *Dimaya* claim through a motion under § 2255 after receiving authorization from the appropriate court of appeals. It is worth noting, however, that if *Dimaya* claims could not be authorized under § 2255(h) for a reason *other* than those

---

[2] The government has conceded in other litigation that a viable claim under *Dimaya* may be authorized under § 2255(h). *See In re Gordon*, No. 18-3449, 2018 WL 3954189 (6th Cir. Aug. 14, 2018) (per curiam); *Jackson v. Barnes*, No. 18-CV-1392 (DSD/ECW), ECF No. 9 (D. Minn. Aug. 3, 2018).

5

claims not relying upon a "constitutional" rule, dismissal of the petition would still be necessary.  If *Dimaya* did not establish a "new rule," then petitioners invoking *Dimaya* would have no excuse for having failed to invoke the "old" rule previously, whether on direct appeal or in a motion under § 2255, and therefore would have forfeited their unobstructed procedural opportunity to raise the claim.  *See Abdullah*, 392 F.3d at 963. And if *Dimaya* was not made retroactive to cases on collateral review, then petitioners simply could not rely upon *Dimaya* in collateral proceedings, including habeas corpus proceedings.  In either case, the claim's failure would not be due to § 2255 being "inadequate or ineffective," 28 U.S.C. § 2255(e), but due either to the petitioner's lack of diligence or to the claim being limited to cases that have not yet become final.

Sellner has not justified her invocation of the savings clause.  The Court therefore lacks jurisdiction over her petition, which must be dismissed without prejudice.

[Continued on next page.]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Dated: October 4, 2018
                                    _____ s/ Tony N. Leung_____
                                    Tony N. Leung
                                    United States Magistrate Judge

## <u>NOTICE</u>

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).